ISAAC C. WELCOME *versus* JAMES R. BATCHELDER.

In an action of trespass against a sheriff for goods attached by his deputy on a writ and removed, in favor of a third person claiming to be the owner, the deputy, on being released by the sheriff, is a competent witness for him.

And if a person had promised to indemnify the deputy for attaching and taking the goods, the release of the deputy discharges all claim against such promisor, and he becomes a competent witness for the sheriff.

Public policy authorizes a Judge of a Court to excuse himself from testifying as to what witnesses have testified on trials before him; but it furnishes no ground of exception, should he not insist upon his right to be excused.

A witness may refresh his recollection from his minutes, made at the time of the transaction.

If a debtor, unable to pay his debts, in contemplation of approaching death, makes provision for his wife by a sale of a portion of his property for that purpose, such sale is illegal and void as to creditors.

And if the purchaser, having knowledge of the facts, agrees to pay *bona fide* debts with a part of the property, this will not alter the character of the transaction.

THE action was trespass, *de bonis asportatis*, for goods attached and taken by E. C. Blake, a deputy of the defendant, on Feb. 1, 1842, as the property of Michael Welcome, on a writ against him in favor of Manning & Glover. There was a report of the questions of law, decided by the Judge during the trial, but no statement of the facts on which the ruling was founded appeared therein; but there was a motion on the part of the plaintiff for a new trial, because the verdict was against evidence, and a report was made of all the testimony given in the case, under that motion.

The property attached was, on Dec. 27, 1841, the property of Michael Welcome. The plaintiff claimed the property under a bill of sale of that date, and the defendant claimed to hold it on the ground that the bill of sale was fraudulent and void as to creditors. One of the witnesses called by the plaintiff, gave this account of the matter. That he was called to make a bill of sale of goods from Michael Welcome to the plaintiff, and did make it, the goods being estimated to be of the value of one thousand dollars; that a portion of the goods in the store, consisting of broken parcels, was not included;

that he also made a bond and a deed; that the mode of doing the business was such as the witness chose to adopt; that Michael was very sick at the time with a fever, and, he had no doubt, expected soon to die, but did not; that negotiable notes from the plaintiff to Michael, to the amount of $500,00, were given; that the debts mentioned in the bond were said by Michael to be principally for borrowed money, and upon some of them the plaintiff was surety; that either Michael or the plaintiff said he was afraid there might be attachments made by some of the persons mentioned in the bond, and there would be a sacrifice of the property; that Michael wished the business to be done, because he was afraid he should die; that he was very anxious that those debts should be paid; that Michael expressed great anxiety that his wife should have something after his decease; that the witness told him, that the notes should be written payable to his order, and he could do as he pleased with them; and that Michael told his wife to put the notes in his pocket-book.

The report was drawn up by the counsel for the plaintiff, and the counsel for the defendant did not agree as to the evidence given; and the papers do not show which was considered to be correct.

The report shows, that the counsel for the plaintiff objected to the competency of W. R. Prescott, W. Manning, A. Redington, Jr. and E. C. Blake, as witnesses, and that they were admitted; Blake, the officer who made the attachment, having produced a release from the defendant, discharging him from all liability. The testimony of Judge Redington was objected to, because he produced his minutes of testimony, taken at the trial before him in the District Court, and read them while giving his testimony. SHEPLEY J. presiding at the trial, upon this objection being made, remarked to the witness, that he was aware of the rule, that the notes could be used only to refresh his memory. The witness was then inquired of by the plaintiff's counsel, whether he could recollect the testimony except from his minutes. He stated that most of it he could not, that some portion of it was so peculiar, that he

could not say, that it was not strongly impressed upon his memory without them, and referred to the testimony, and said, it was so impressed on his mind, and read it from his minutes, no further objection being made to it.

The jury were instructed, that if they were satisfied, that the sale was made by the witness, Michael Welcome, with the intention to defeat or delay his creditors, and prevent them from obtaining payment of his debts to them, until it might suit his convenience to pay them, and that the plaintiff at that time knew that such was the intention and assented to the purchase with that knowledge, the sale would be void against such creditors; that said Michael, if unable to pay his just debts, could not, in contemplation of death, legally make any provision for his wife by a sale of a portion of his property for that purpose; that if the sale was made from fear of attachment and to prevent a sacrifice of the property, and to put his creditors in a position that they must wait his pleasure to pay them, the fact that he intended to pay them, when convenient to him, if believed, with the fact, that they were afterwards paid, would not prevent the sale from being considered fraudulent as to the creditors not paid.

The verdict was for the plaintiff for a small sum, and, as the report states, apparently for goods attached and taken out of the plaintiff's hands by the officer, not included in the bill of sale from Michael Welcome. If the rulings and instructions of the Judge were incorrect, the verdict was to be set aside.

*Wells* and *H. K. Baker* argued for the plaintiff.

In support of the argument to show that the ruling in relation to the witnesses was erroneous, they cited, *Harper* v. *Little*, 2 Greenl. 14; 1 Stark. Ev. 128; 1 Greenl. Ev. 408.

They contended that the instruction in relation to making provision for the wife was too general, as it did not admit of making any provision whatever. It could not be fraudulent to make the same provision the law allowed to the widow, as it took nothing from the creditors.

In the argument to show that the instructions respecting what sale would be fraudulent, were erroneous, they cited,

*Wheaton* v. *Sexton,* 4 Wheat. 503 ; *Gardiner Bank* v. *Wheaton,* 8 Greenl. 373 ; *Northampton Bank* v. *Whiting,* 12 Mass. R. 114 ; *Stevens* v. *Bell,* 6 Mass. R. 339.

*Bradbury* and *H. W. Paine* argued for the defendant, contending that the rulings and instructions were strictly correct, and wholly unexceptionable on the part of the plaintiff. They cited *Howe* v. *Ward,* 4 Greenl. 195 ; *Goodwin* v. *Hubbard,* 15 Mass. R. 210 ; *Reed* v. *Jewett,* 5 Greenl. 96 ; *Harris* v. *Sumner,* 2 Pick. 129.

The opinion of the Court was drawn up by

WHITMAN C. J. — In this case exceptions to the ruling of the Judge at the trial were taken, and a motion for a new trial also filed. It is difficult to see upon what ground either of them can be sustained. As to the exceptions to the ruling, in reference to the admissibility of the witnesses introduced by the defendant, we think the ruling was correct. The deputy, who made the attachment, had been released by the defendant ; so that he had no interest to testify in his favor. If the plaintiff were to recover the full amount of his claim against him, he could have no remedy over against the witness ; who must pay the proceeds of the sales of the goods sold by him, over to the creditor : for the recovery of the value of the defendant, would operate an extinguishment of any claim the plaintiff might otherwise have had against the witness ; and if the plaintiff fails of a recovery against the defendant, it must be because he would have no right to recover against either the witness or the defendant. The bond, by which it was supposed Prescott and Manning had become interested, was, as they state, surrendered to be cancelled, and was cancelled ; so that any interest they might have had, had ceased. Besides, they had only become responsible to indemnify the deputy, who had been released by the defendant ; and this action, being against the defendant as sheriff, it was, even if their bond were uncancelled, indifferent to them whether the plaintiff recovered against the defendant or not. As to Judge Redington, it is true, that he might have been excused from

testifying if he had insisted upon it. Public policy would have authorized it. But it is no ground of exception that he did not insist upon his right to be excused. As to his refreshing his recollection from his minutes, the practice would clearly warrant it: that he testified to any material fact which his minutes did not enable him to recollect, does not appear.

We are equally well satisfied, that there is no just ground of complaint, that the Judge instructed the jury, that it was not competent for Michael Welcome in contemplation of approaching death, if unable to pay his debts, to make provision for his wife, by a sale of a portion of his property for that purpose. Because the court of probate, after his decease, would have a right to do something of the kind, could form no reason, as urged by the plaintiff's counsel, why he should be authorized to make a voluntary conveyance, for the purpose, in his lifetime. All such conveyances are illegal and void.

That the verdict is right in this case we see no reason to doubt. That the plaintiff had purchased nearly all the visible attachable property of his brother, an insolvent. debtor, avowedly to aid him in securing it from attachment, by *bona fide* creditors, and without consideration, to secure a considerable portion of it for the benefit of his wife, was abundantly proved. His agreeing to pay *bona fide* debts with a part of it, cannot alter the character of the transaction. If he had been content to purchase simply enough to indemnify himself, for the liabilities he was under for his brother, and for that purpose solely, it would have been otherwise.

Exceptions and motion for a new trial overruled and judgment on the verdict.