Belknap,
June 24, 1916.

NAPOLEON B. HALE & a., *Ap'ts v.* WALTER C. WYATT, *Ex'r.*

The testimony of a judge as to what occurred before him in the trial of another cause is not privileged, but is admissible, if he does not insist upon his personal privilege to be excused from testifying.

PROBATE APPEAL, from a decree disallowing a will of Horatio N. March, and allowing an earlier will. The jury found that the later will was executed with the formalities required by law, but that the testator was not of sound mind when he executed it.

Prior to the making of the later will, the appellant, Hale, presented a petition to the probate court, setting forth that March was insane, and praying for an inquisition. At that time Hale stated to the judge of probate that March was insane.

At the trial of the appeal, the executor called the judge of probate as a witness, who, without objection on his part, testified to the statement made to him by the appellant, Hale, in relation to the insanity of March.

The appellants excepted on the ground that it was incompetent for the judge of probate to testify as to a statement made to him in the inquisition proceedings.

Transferred from the October term, 1915, of the superior court, by *Kivel,* J.

*Martin & Howe, Cox & Fowler, Fletcher Hale* and *Oscar L. Young* (*Mr. Young* orally), for the appellants.

*Owen & Veazey* and *Stephen S. Jewett* (*Mr. Jewett* orally), for the appellee.

PLUMMER, J. The appellants' exception is directed solely to the competency of the witness and not to the testimony.

Their contention, that it was incompetent for the judge of probate to give in testimony a statement made by the appellant, Hale, to him in open court, relating to the insanity of the testator, and that the testimony could not be received, although given without objection, cannot be sustained.

There is a great deal of discussion in the books as to whether a judge can testify in a trial over which he is presiding, but the better

rule would seem to be that he cannot, unless the evidence given is merely formal or undisputed. *People* v. *Miller*, 2 Parker Crim. Rep. (N. Y.) 197; *Rogers* v. *State*, 60 Ark. 76, 86; *Maitland* v. *Zanga*, 14 Wash. 92. Neither should a judge be compelled to testify in a case as to matters before him in a previous trial of the same case. *Welcome* v. *Batchelder*, 23 Me. 85. We are, however, not aware of any case which holds that it is incompetent to receive the testimony of a judge, given without objection, as to what took place before him in a former trial of a cause. On the other hand, it has been held that such testimony is competent. "There can be no legal objection to the testimony of a justice of the peace as to what occurred on a trial before him. Such testimony is common." *State* v. *Duffy*, 57 Conn. 525. In *Welcome* v. *Batchelder*, *supra*, the court says, referring to the judge who gave testimony relating to a former trial: "It is true, that he might have been excused from testifying, if he had insisted upon it. Public policy would have authorized it. But it is no ground of exception that he did not insist upon his right to be excused." This case was cited by the appellants in their brief, but is an authority for the appellee. *Regina* v. *Gazard*, 8 Car. & P. 595, and *Agan* v. *Hey*, 30 Hun 591, are also cited by the appellants in support of their position. In the former case, a grand jury were considering indicting a person for perjury, and it was proposed to examine a member of the grand jury, who had acted as chairman of the quarter sessions at which the alleged perjury was committed. The grand-juryman having expressed a desire not to be examined, the court advised the grand jury not to examine him. It is very probable that the reason why the court advised that the grand-juryman be not examined was because he objected to it. The difference in the facts between this case and the case at bar, renders it valueless as an authority for the appellants. In the latter case the court ruled that it was error to receive the statement of the justice who had previously tried the case, as a witness, as to the ground upon which he placed his decision in the defendant's favor. The court stated, however, that he was a competent witness to prove all that occurred before him. So far as this case is applicable to the instant case, it supports the claim of the appellee. *McGrath* v. *Seagrave*, 2 Allen 443, the only other case referred to by the appellants, simply holds that a magistrate may be called to prove a judgment when the record has not been extended.

The appellants have cited 1 Greenleaf on Evidence, (16 ed.), *s.* 254 *c*, and the text would perhaps indicate that the section sustains their

position, but a careful examination of the foot notes to the section discloses the contrary. The following appears in the foot notes: "Magistrates and judges are frequently called upon to state testimony given before them; and though they might perhaps plead public duty in refusal to attend, there seems to be no objection to their testimony if they are willing." At the end of section 643 in Elliott on Evidence, cited by the appellants, is this statement: "It has been decided that if the judge does not insist on the right [referring to his privilege to refuse to testify] it is no ground of exception to admit his testimony." The other text-books referred to by the appellants in their brief are understood to state nothing more than the well recognized principle that a judge cannot be compelled to testify as to what occurred before him in the trial of a cause.

The privilege accorded to a judge, on the ground of public policy, that he shall not be required against his will to give in testimony at the trial of a case a statement made before him, is a personal privilege, of which he may avail himself or not, as he chooses. Such a statement is not privileged; it lacks the element of confidentiality which is essential to a privileged communication. Wig. Ev. s. 2285. There is no basis, either in reason or authority, for setting aside the findings of the jury in this case, because the court received the testimony of the judge of probate, given without objection, as to a statement made in proceedings before him.

All concurred.                          *Exception overruled.*