**Anthony Earl WRONE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 8817.**

United States Court of Appeals Tenth Circuit.

Oct. 7, 1966.

Donald F. Medsker, Denver, Colo., for appellant.

John W. Raley, Jr., Asst. U. S. Atty., Oklahoma City, Okl. (B. Andrew Potter, U. S. Atty., with him on the brief), for appellee.

Before PICKETT and HICKEY, Circuit Judges, and CHRISTENSEN, District Judge.

PER CURIAM.

Appellant Wrone, represented by retained counsel, entered a plea of nolo contendere in the United States District Court for the Western District of Oklahoma, to a 6-count indictment charging him with violation of United States statutes relating to the possession and sale of narcotics. He was given a ten year sentence on each count, to run concurrently, and is now serving the sentence in the United States Penitentiary at Terre Haute, Indiana. In this proceeding under 28 U.S.C. § 2255 to vacate the judgment and sentence, it is alleged that the plea was induced by threats that perjured testimony would be used to obtain a conviction, that a maximum sentence would be imposed if Wrone were convicted on trial, and by representations by appellant's attorney that the presiding judge had agreed that the sentence would not exceed five years on a plea of nolo contendere. Following an evidentiary hearing, the trial court denied the motion.

After consideration of conflicting evidence, the trial court found against appellant on all the issues. It is conceded here that the findings of the trial court on issues of fact are not reviewable, but it is contended that Wrone was denied a constitutional hearing on his motion because the district judge, who is alleged to have indicated that the sentence would not be more than five years on a plea of nolo contendere, sat in judgment on his own conduct. This contention cannot be sustained because the record is devoid of any evidence that the judge discussed the sentence with Wrone's attorney or anyone else. The extent of the testimony of Wrone and his wife was that the attorney had "inferred" that the sentence would not exceed five years. Furthermore, Section 2255 provides that a prisoner may move to vacate, set aside, or correct a sentence in "the court which imposed the sentence * * *." In Martin v. United States, 10 Cir., 273 F.2d 775, 777, cert. denied 365 U.S. 853, 81 S.Ct. 818, 5 L.Ed.2d 816, reh. denied 366 U.S. 915, 81 S.Ct. 1088, 6 L.Ed.2d 239, this court said:

"No doubt the prime purpose of § 2255 was to provide a method whereby the validity of a sentence would be determined by the court which imposed the sentence rather than by a court in the district where the defendant was confined. The desirability of such procedure is apparent. The sentencing court is familiar with the case. The court in the district of confinement is unfamiliar with cases in which sentences have been imposed by other courts. The production of files, records, and witnesses is more convenient in the sentencing court. The court which heard the case and gave judgment thereon should have the opportunity and responsibility of hearing and determining attacks against the judgment."

Affirmed.