**Billy Joe TYLER, Petitioner,**

v.

**Harold R. SWENSON, Warden, Missouri State Penitentiary, Respondent.**

**No. 69 C 278(1).**

United States District Court
E. D. Missouri, E. D.

Nov. 14, 1969.

———◆———

Billy Joe Tyler, pro se.

John C. Danforth, Atty. Gen., State of Missouri, and Dale L. Rollins, Chief Counsel, Criminal Div., Office of the Atty. Gen., State of Missouri, Jefferson City, Mo., for respondent.

### MEMORANDUM OPINION AND ORDER

HARPER, Chief Judge.

Petitioner, presently confined in the Missouri State Penitentiary at Jefferson City, Missouri, filed a petition for a writ of habeas corpus and a request to proceed in forma pauperis in the United States District Court for the Western District of Missouri, which granted petitioner leave to proceed in forma pauperis and transferred the petition for writ of habeas corpus to this court.

On March 15, 1965, petitioner, Billy Joe Tyler, pleaded guilty to four separate offenses as follows: (1) Assault with intent to kill with malice and two prior convictions of a felony (Case No. 1019–M); (2) robbery in the first de-

gree by means of a dangerous and deadly weapon (Case No. 1843–M); (3) assault with intent to kill with malice (Case No. 1842–M); and (4) carrying a concealed weapon (Case No. 1844–M). Petitioner was sentenced to twenty years' imprisonment on each of the first three charges, and to two years' imprisonment on the fourth charge, all to run concurrently. Petitioner's employed attorney was present.

Tyler filed a motion pursuant to S.Ct. Rules 27.25 and 27.26 V.A.M.R. to withdraw the plea of guilty and set aside the judgment as to each charge. An evidentiary hearing was held on December 7, 1967, in the Circuit Court of the City of St. Louis, and the motion was overruled on January 3, 1968. On January 17, 1968, petitioner withdrew his appeal of the judgment of January 3rd and filed a motion for new trial, which was overruled on January 29, 1968. Thereafter, on February 8, 1968, petitioner filed his notice of appeal.

On appeal to the Missouri Supreme Court, petitioner abandoned the motion as to Case No. 1844–M (concealed weapon) because, he claimed, he had served that sentence. The Missouri Supreme Court, en Banc, affirmed the decision of the trial court overruling the motion. State v. Tyler, 440 S.W.2d 470 (Mo. 1969).

Petitioner asserts the same grounds in support of his application for writ of habeas corpus under 28 U.S.C.A. § 2254 as he asserted in his 27.26 motion in the state court, namely, that his plea of guilty as to each offense was coerced and not voluntary, and that he was denied the effective assistance of counsel. This court issued an order to show cause, and in response, respondent has filed the transcript and record of all prior proceedings.

In support of his contentions, petitioner directs the court's attention to the transcript of the plea proceedings and sentencing, and to certain named individuals. The facts are fully set out in 440 S.W.2d 470 (Mo.1969) and will not be repeated. Basically, petitioner claims to have been coerced into pleading guilty because his trial counsel was not prepared to go to trial on three of the four charges, but the trial judge refused to grant a continuance; and because the trial judge stated to the petitioner that if he stood trial and was found guilty he would be sentenced to fifty years in prison. Petitioner claims that his counsel was ineffective and inadequate because his counsel admitted that he was unprepared to go to trial on three of the four charges and was not actually representing petitioner on those three charges.

A careful reading of the transcript of the hearing before the Circuit Court indicates that petitioner was accorded a full hearing on the issues raised by his contentions and confirms the opinion of the Missouri Supreme Court affirming the denial of the motion to vacate sentence. In view of the hearing already conducted and the thorough opinion of the Missouri Supreme Court in affirming the findings therein and in view of the further reasons discussed below, this court is of the opinion that a further hearing on petitioner's grounds for this motion will serve no useful purpose.

Petitioner's motion attacks his imprisonment under all three of the twenty-year sentences, which he is presently serving concurrently. Petitioner has attempted to comply with the general rule that a prisoner serving concurrent sentences under separate convictions must allege the invalidity of all the convictions under which he is confined in seeking habeas corpus relief. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934); Coleman v. Maxwell, 387 F.2d 134 (6th Cir.1967); Evans v. United States, 387 F.2d 160 (3rd Cir.1967). However, the facts upon which petitioner bases his contentions clearly do not apply to the sentence resulting from the plea of guilty in Case No. 1019–M. The offense involved in Case No. 1019–M preceded the other three by approximately five months and was the case for which petitioner's lawyer, Mr. Kieffer, claims he was employed. The record

discloses, however, that Kieffer, petitioner's lawyer, entered his appearance in the other three cases more than two months before the date in question, and that Mr. Brown, who Kieffer claimed was petitioner's attorney in those three cases, never entered his appearance in them, but the letter sent by Brown to the court (approved by the parties) stated he had not been retained to represent the petitioner and had no recollection of having talked to anyone about the cases. At all times material Mr. Kieffer was prepared to go to trial on Case No. 1019–M, and there is no claim made to the contrary. Petitioner was never "faced with the prospect of attempting to establish his innocence in a trial for which his counsel was unprepared * * *" in regard to Case No. 1019–M. In reference to Case No. 1019–M, petitioner's claim of ineffective and inadequate counsel, and coercion based on that fact, is not supported by the record in any way and is clearly refuted by the transcript of the plea proceedings which petitioner offers as facts upon which the claim is based.

The transcript of the proceedings in the courtroom at the time the pleas of guilty were entered by the petitioner and accepted by the court reflect that petitioner's lawyer had not advised petitioner to plead guilty and that it was the decision of the petitioner to plead guilty. The trial court informed the petitioner before the plea that in relation to Case No. 1019–M that the possible sentence ranged from two years to life. Petitioner acknowledged that he was aware of that fact and then he entered his plea of guilty. In view of the record it cannot be said that petitioner entered his plea of guilty as to Case No. 1019–M without full knowledge of the consequences.

The facts disclose that petitioner was not coerced into entering a plea of guilty in said case. Petitioner was aware that the offense carried a maximum sentence of life imprisonment. The fact that he says he believed he would receive a sentence of fifty years if he did not plead guilty is not supported by the credible evidence, and, even if true, would not amount to coercion in the circumstances here. It is the opinion of the court that petitioner's contentions as to Case No. 1019–M are nor supported by what he relates. The court has purposely limited its discussion to Case No. 1019–M for the reason that the determination of the validity of the sentence in that case makes it unnecessary to consider petitioner's contentions as to the sentences imposed in Cases Nos. 1842–M and 1843–M. Petitioner is serving a term of imprisonment under a validly imposed sentence under Case No. 1019–M. Therefore, the imposition of the two concurrent sentences will not be examined.

Petitioner is denied an evidentiary hearing on the motion now before this court for the reason that he received a full and complete hearing on the issues in the trial court, affirmed on appeal, and a further hearing will serve no useful purpose.

Petitioner's request for the appointment of counsel is denied.

It is, therefore, ordered that the petition for habeas corpus be and is hereby dismissed.