**Billy Joe TYLER, Appellant,**

v.

**Harold R. SWENSON, Warden, Missouri State Penitentiary, Appellee.**

**No. 20090.**

United States Court of Appeals, Eighth Circuit.

June 12, 1970.

Billy Joe Tyler, pro se.

John C. Danforth, Atty. Gen., Jefferson City, Mo., and Dale L. Rollings, Asst. Atty. Gen., on brief for appellee.

Before MATTHES, LAY and HEANEY, Circuit Judges.

LAY, Circuit Judge.

Appeal is made from the denial of a petition for a writ of habeas corpus under 28 U.S.C.A. § 2254 by the district court. The narrow issue upon appeal is whether the federal district court committed error in accepting the determination and findings of the state court and in otherwise refusing an evidentiary hearing to petitioner.

The facts may be briefly set out. On March 15, 1965, petitioner, contrary to advice of his counsel, pleaded guilty in state court to four separate charges —two of assault with intent to kill, and one each of first degree robbery and carrying a concealed weapon. He was sentenced to 20 years in the Missouri penitentiary. Thereafter, pursuant to Missouri Supreme Court Rule 27.26, V.A.M.R., petitioner filed an application for post-conviction relief alleging that his guilty plea was involuntarily made. As authorized by Rule 27.26, an evidentiary hearing was held before the trial judge who had accepted petitioner's guilty plea.

At the evidentiary hearing petitioner testified that prior to his guilty plea the trial judge, in chambers, discussed with petitioner the alternatives of going to trial and pleading guilty. According to petitioner, the judge made a threat that petitioner would receive a 50-year sentence if found guilty by a jury as compared with a 20-year sentence if he would enter a guilty plea. Petitioner's mother and his attorney, who had represented him when he pled guilty, both testified at the evidentiary hearing and corroborated petitioner's testimony regarding the threat made by the trial judge. The prosecuting attorney, as a witness for the state, verified that the conference between peti-

tioner and the trial judge had occurred and that the judge had told petitioner of the 20-year sentence in the event he would plead guilty. However, he could not remember whether or not the judge had said anything about a 50-year sentence.[1]

Throughout the hearing the trial judge, by his questioning of the witnesses and by his statements from the bench, interjected his own recollection of the events surrounding petitioner's guilty plea. At one point in the hearing the judge and petitioner's trial counsel, Clement Kieffer, became engaged in a dispute as to whether petitioner had employed another attorney, one who had failed to appear, to defend him on three of the charges. So heated was the controversy as to their respective recollections of the facts, that Kieffer was ultimately held in contempt of court. At another point in the hearing, after testimony by petitioner's mother, as to what occurred in her presence in the judge's chambers, the trial judge made a statement that petitioner's mother in fact had never even been in the court's chambers. In his findings, the trial judge found that the events had not taken place as petitioner and the other witnesses had testified.

After denial in state court of his post-conviction application to withdraw his plea, petitioner appealed to the Supreme Court of Missouri. The Supreme Court of Missouri affirmed the judgment below, holding, in essence: (1) that the finding that the petitioner's plea was not

involuntarily made, was not clearly erroneous, (2) that although a judge should not ordinarily participate in plea discussion,[2] to do so did not result in abuse here, and (3) that it was not error for the trial judge to hear the post-conviction motion, since (a) there was no motion filed by the defendant to disqualify the trial judge, and (b) the judge himself did not actually take the stand and testify as a witness. State v. Tyler, 440 S.W.2d 470 (Mo.1969). The Missouri Supreme Court observed that "the evidence was sufficient to support the finding of the judge that the statement attributed to him was not made. *Obviously that was his recollection.*" 440 S.W.2d at 475. (Emphasis ours.)

The federal district court, relying upon the state trial judge's findings and determination, and the affirmance of those findings by the Missouri Supreme Court, as well as upon its own determination from the *evidence,* denied the petition without further hearing.

■ Under 28 U.S.C.A. § 2254(d) as amended (Supp. 1959–1967), the findings of the state court "shall be presumed to be correct" unless there exists some deficiency in the state court hearing. Once a fair hearing has taken place, the burden is placed upon the defendant to show that the findings are not supported by the record. This court has placed great emphasis upon the independent findings of the state trial judge as to factual disputes in post-conviction matters. See Parker v. Erickson, 423 F.2d 1021 (March 1970, 8 Cir.).[3] The

---

1. Petitioner's evidence established a prima facie case of involuntariness, even though he was represented by counsel at the time he was arraigned and pled guilty. United States ex rel. Ross v. McMann, 409 F. 2d 1016, 1023 (2 Cir. 1969), rev'd on other grounds, McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed. 2d 763 (1970). See also Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

2. The Missouri Supreme Court quoted from the American Bar Association's Standards Relating to Pleas of Guilty,

3.3(a), which bluntly reads: "The trial judge should not participate in plea discussions."

3. We said in Parker v. Erickson, supra: "Once a state court has conducted a post-conviction proceeding and there exists no deficiency as set forth in § 2254(d) (1–8), the federal courts should be extremely reluctant to disturb the sensitive balance of federal-state comity by review of a state court's determination of disputed facts. If all constitutional requirements are met, and there exists no state misconcep-

peculiar competence of the trial judge to resolve matters of credibility is of great weight to a reviewing court. Therefore, factual determinations as deduced from the record itself do not serve as a substitute for the findings of a trial judge who conducts the timely examinations and observes the overall manner and demeanor of the witnesses.

■ Assuming the state proceeding was in full compliance with the requirements of 28 U.S.C.A. § 2254(d), then the federal district court's dismissal of the petitioner's claim without an evidentiary hearing was entirely proper. Our review, therefore, is simply one to appraise the fact finding procedure in the state court to determine whether there was a "full, fair and adequate hearing." See Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Hawkins v. Bennett, 423 F.2d 948 (March 1970, 8 Cir.); Roach v. Bennett, 392 F.2d 743 (8 Cir. 1968).

Petitioner's claim is that the hearing in state court was not a "full" or "fair" proceeding. Petitioner alleges that the state trial judge who conducted the hearing weighed evidence involving his own recollection and observations without petitioner having a right to confront him as a witness on cross-examination. Petitioner further asserts that the trial judge in effect then passed upon his own credibility in making the factual determination. We feel the record supports petitioner's claim of procedural deficiency.

■ It is true that petitioner did not call the judge as a witness or file an affidavit of prejudice against him as provided for under state rules. However, neither of these factors justifies a denial of a fair hearing under 28 U.S.C.A. § 2254(d). State procedural rules are subservient to basic requirements of due process allowing a pe-

titioner the right to be confronted with adverse evidence, and to cross-examine the witnesses presenting such evidence. In the instant case, petitioner had no opportunity to cross-examine the trial judge since the judge did not take the stand; furthermore, petitioner had no cause to attempt to disqualify the trial judge until it became apparent after the hearing was concluded that the trial judge was going to rely upon his own recollection as an evidentiary basis for denying petitioner's claim.

We think it runs against the grain of fairness to say that the same judge may consider his own crucial testimony and recollection rebutting petitioner's claim and simultaneously pass upon the credibility of all witnesses in weighing the evidence. A member of the judiciary has no peculiar competence in factual recollection of unrecorded events. In fact, the many cases a trial judge participates in may well cloud vivid recollection of detail in a specific case. A party should be permitted to test a judge's recollection, as a witness presenting factual material testimony, as he would any other witness upon cross-examination.

■ It has long been recognized under similar circumstances that a judge cannot serve as a material witness as well as the trier of fact. United States v. Halley, 240 F.2d 418 (2 Cir. 1957); Terrell v. United States, 6 F.2d 498 (4 Cir. 1925); Maitland v. Zanga, 14 Wash. 92, 44 P. 117 (1896); 28 Harv.L.Rev. 115 (1914). Cf. Hale v. Wyatt, 78 N.H. 214, 98 A. 379 (1916). As was stated in Lepper v. United States, 233 F. 227, 230 (4 Cir. 1916) (concurring opinion):

"Indeed, a judge presiding at a trial is not a competent witness, for the duties of a judge and a witness are incompatible. If he testifies he would have to pass upon the competency of

tion of federal rights, then the congressional purpose under the act is to require 'convincing evidence' before a

state finding of fact may be set aside."
*Id.* at 1027.

his own testimony; and as a witness he might be regarded a partisan, and would be subject to embarrassing conflicts with counsel. The danger to the dignity of the bench, of subjecting its impartiality to doubt and of placing the defendant at an unfair disadvantage by admitting the presiding judge as a witness is very obvious."

■ In the instant case, it is urged that because the trial judge did not take the stand as a witness the above rules are not applicable. However, the unfairness of this is compounded when the judge, as was done here, weighs his own *recollection* of events in making his findings. The Supreme Court of Missouri noted there was *"evidence"* to refute the claim of petitioner's mother that she was in the court's chambers. This evidence came from the lips of the trial judge in questioning the mother and serves as testimony without the right of cross-examination by the petitioner. A judge should never testify in the form of questions. Terrell v. United States, supra.

■ The right to be informed of adverse evidence to be weighed by the trier of fact is basic to due process in all types of proceedings, whether they be judicial or quasi-judicial hearings. Cf. Gonzales v. United States, 348 U.S. 407, 75 S.Ct. 409, 99 L.Ed. 467 (1955); Simmons v. United States, 348 U.S. 397, 75 S.Ct. 397, 99 L.Ed. 453 (1955); United States v. Nugent, 346 U.S. 1, 73 S.Ct. 991, 97 L.Ed. 1417 (1953); Ohio Bell Telephone Co. v. Public Utilities Comm'n, 301 U.S. 292, 300, 57 S.Ct. 724, 81 L.Ed. 1093 (1937); United States v. Cummins, 425 F.2d 646 (8 Cir. 1970); Chernekoff v. United States, 219 F.2d 721 (9 Cir. 1955). See also Thompson v. Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960).

The procedure followed by the state court is contrary to observations made by the Supreme Court in a contempt case, In re Murchison, 349 U.S. 133, 75 S.Ct.

623, 99 L.Ed. 942 (1955), where the Court said:

"Thus the judge whom due process requires to be impartial in weighing the evidence presented before him, called on his own personal knowledge and impression of what had occurred in the grand jury room and his judgment was based in part on this impression, the accuracy of which could not be tested by adequate cross-examination.

"This incident also shows that the judge was doubtless more familiar with the facts and circumstances in which the charges were rooted than was any other witness. There were no public witnesses upon whom petitioners could call to give disinterested testimony concerning what took place in the secret chambers of the judge. If there had been they might have been able to refute the judge's statement about White's insolence. Moreover, as shown by the judge's statement here, a 'judge-grand jury' might himself many times be a very material witness in a later trial for contempt. If the charge should be heard before that judge, the result would be either that the defendant must be deprived of examining or cross-examining him or else there would be the spectacle of the trial judge presenting testimony upon which he must finally pass in determining the guilt or innocence of the defendant. In either event the State would have the benefit of the judge's personal knowledge while the accused would be denied an effective opportunity to cross-examine. The right of a defendant to examine and cross-examine witnesses is too essential to a fair trial to have that right jeopardized in such way." *Id.* at 138–139, 75 S.Ct. at 626–627.

Under these circumstances we find that there has not been a fair hearing in the state court in compliance with constitutional standards. The federal district court should have granted an evi-

dentiary hearing or given the state court an opportunity to entertain petitioner's claim in a new evidentiary hearing before another judge. Since Missouri Rule 27.26 allows successive applications when new evidence can be presented, we think it better that petitioner, a state prisoner, be given another hearing in the state courts. However, we leave the final decision as to the proper procedural remedy to the discretion of the federal district court.

To avoid misunderstanding, we note that it is not our intention by this decision to retreat from the federal and state decisions which accurately point up the recognition that the trial court, familiar with the prior proceedings, generally represents the better and more expeditious forum for post-conviction proceedings. See e. g. Barry v. Sigler, 373 F.2d 835 (8 Cir. 1967); Mirra v. United States, 379 F.2d 782 (2 Cir. 1967); Panico v. United States, 291 F.Supp. 728 (S.D.N.Y.1968), aff'd 412 F.2d 1151 (2 Cir. 1969); Bresnahan v. Luby, 160 Colo. 455, 418 P.2d 171 (1966). See also United States v. Smith, 337 F.2d 49 (4 Cir. 1964); Carvell v. United States, 173 F.2d 348 (4 Cir. 1949).

We thus make clear, as do the above cases, that a trial judge is not to be disqualified simply because he is familiar with the proceedings and supplements the record with observations. Nor do a trial judge's supplemental statements into the record make him a material witness, unless he offers disputed and material testimony which is challenged by the petitioner. In the instant case it is particularly significant that the trial judge's recollection was the *only* testimony which refuted petitioner's claim, a claim which challenged the propriety of the judge's prior conduct. Under these circumstances we hold that there was not a fair evidentiary hearing and determination within the spirit and intendment of 28 U.S.C.A. § 2254.

The judgment is reversed and the cause is remanded to the district court for further proceedings consistent with this opinion.