**Thomas PHELAN**

v.

**Robert THOMPSON, et al.**

No. C–94–104–L.

United States District Court, D. New Hampshire.

Nov. 21, 1994.

Robert J. Foley, Samaha, Vaughn, Foley & Ray, Plymouth, NH, Charles H. Riley, Jr., Ganz, Ham & Riley, P.C., Boston, MA, for Thomas Phelan.

K. William Clauson, Clauson, Smith & Whelan, Hanover, NH, for Robert Thompson.

Donald E. Gardner, Devine, Millimet & Branch, PA, Manchester, NH, for Robert Thompson, Arthur Morrill, Kevin Maes and Town of Rumney.

## ORDER

LOUGHLIN, Senior District Judge.

The court held a hearing on November 17, 1994 relative to a motion to quash a subpoena by the Attorney General's office to obviate Plymouth District Court Judge Edwin W. Kelly being deposed today, November 21, 1994.

Plaintiff seeks to depose Judge Edwin W. Kelly, Administrative Justice of the District Courts of the State of New Hampshire, relative to his issuance of an arrest warrant against the plaintiff in this case. More specifically, plaintiff seeks inquiry into a conversation between Chief Robert Thompson and Judge Kelly concerning the application for and issuance of his arrest warrant. Additionally, plaintiff seeks to inquire into Judge Kelly's mental processes deriving from the conversation.

Judge Kelly objects to plaintiff's request on grounds that the information is protected from discovery by the judicial privilege.

## DISCUSSION

The Federal Rules of Civil Procedure expressly provide that "[a] party may take the testimony of *any person,* including a party, by deposition upon oral examination *without leave of court....*" Fed.R.Civ.P. 30(a)(1) (emphasis added). However, this rule may give way in federal cases if there is a substantial state privilege at stake. *See Lora v. Board of Educ.,* 74 F.R.D. 565

(E.D.N.Y.1977). Fundamentally, there is a "strong policy of comity between state and federal sovereignties [which] impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy...." *Lora,* 74 F.R.D. at 566.

In the case at hand there is little question in the court's view that Judge Kelly may claim a state-recognized judicial privilege. The law is apodictic within this state that "no magistrate [or other judicial officer] should be subjected to interrogation with respect to his mental processes or the reasons for his decision, nor should he be subjected to interrogation with respect to the evidence presented before him when there is an existing record thereof." *State ex rel Childs v. Hayward,* 109 N.H. 228, 248 A.2d 88 (1968). *See White Mt. Freezer Co. v. Murphy,* 78 N.H. 398, 101 A. 357 (1917); *Hale v. Wyatt,* 78 N.H. 214, 98 A. 379 (1916); 8 Wigmore on Evidence (McNaughton rev. 1961) s. 2372. Further, individuals "acting in a judicial capacity ... may not be required to answer inquiries into the mental processes by which their decision were reached." *Merriam v. Salem,* 112 N.H. 267, 293 A.2d 596 (1972).

Notwithstanding the above, a judge may elect to waive his judicial privilege and "be a competent witness to prove all that occurred before him, but may not be compelled to do so." *Gelinas v. Metropolitan Property & Liability Insurance Company,* 131 N.H. 154, 551 A.2d 962 (1988); *See Hale v. Wyatt,* 78 N.H. 214, 98 A. 379 (1916).

Under the state's judicial privilege, Judge Kelly certainly has the right to waive the privilege and provide testimony. However, Judge Kelly has taken the position and indicated to both parties that he is unwilling to volunteer and give testimony in this matter on behalf of any party, thereby deciding not to waive the privilege.

In following clearly defined law germane to judicial privilege in New Hampshire and also on grounds of comity, this court is left with no alternative but to disallow the deposition testimony of Judge Kelly. Therefore, the Motion to Quash Subpoena and for a Protective Order is granted.