**UNITED STATES of America ex rel. Justo ELIAS, Petitioner-Appellant,**

v.

**Charles McKENDRICK, Warden, Wallkill State Prison, Respondent-Appellee.**

**No. 787, Docket 35459.**

United States Court of Appeals, Second Circuit.

Argued March 2, 1971.

Decided March 4, 1971.

Marc P. Cherno, New York City, for petitioner-appellant.

Arlene R. Silverman, Asst. Atty. Gen. (Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief), for respondent-appellee.

Before LUMBARD, Chief Judge, and KAUFMAN and ANDERSON, Circuit Judges.

PER CURIAM:

Relying primarily on North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), Elias challenges the constitutionality of his sentence of ten to twelve years imprisonment imposed by State Supreme Court Justice Owen McGivern, then sitting in Bronx County, New York, following Elias's plea of guilty to a charge of first degree manslaughter entered December 16, 1965.

Elias was indicted for first degree murder on February 5, 1965. Against the advice of his retained lawyer, Elias declined to accept the offer of the state to reduce the charge to manslaughter, in return for a guilty plea. Instead, he elected to stand trial for first degree murder and after his conviction for second degree murder, Justice McGivern sentenced him on July 1, 1965 to a mandatory term of twenty years to life imprisonment pursuant to then Section 342–a of the New York Code of Criminal Procedure. At sentencing, Justice McGivern commented that "an appropriate sentence in your case would be seven-and-one-half to ten years," although the record does not disclose why the judge then believed, and apparently continues to believe, that the longer sentence was too harsh.

Subsequently Elias moved for a new trial on the ground of newly discovered evidence, namely that the chief prosecution witness, Carmen Rivera, had repudiated her trial testimony against Elias. The state however, opposed this, filing an affidavit from Rivera in which she "recanted her recantation," as Judge McLean said below, and reaffirmed her trial testimony.

On or about December 15, 1965, a conference was held in Justice McGivern's chambers. Present were the Assistant District Attorney, Irvin Goldsmith, Elias's attorney, Henry Rothblatt, and Justice McGivern. Justice McGivern apparently prevailed upon Goldsmith, against his initial contrary inclination, to accept a belated guilty plea by Elias to manslaughter. In return, Rothblatt stated he would recommend that Elias agree to accept a term of ten to twelve years, instead of seven-and-one-half to ten, which Rothblatt had adopted as his original bargaining target. According to Rothblatt's testimony below, which Judge McLean credited over Elias's contrary account, Rothblatt fully informed Elias of all aspects of the arrangement worked out in Justice McGivern's chambers, and Elias agreed knowingly and freely. On December 16, 1965, as planned, Goldsmith did not oppose Elias's motion to vacate his original sentence, Elias was rearraigned *pro forma* for first degree murder, Goldsmith agreed to reduce the charge to manslaughter, Elias pleaded guilty, and Justice McGivern sentenced him to the agreed term of ten to twelve years.

■■ We are in accord with Judge McLean's conclusion below that the ten to twelve year sentence did not constitute a burden on Elias's right to trial by jury merely because prior to Elias's conviction for murder Justice McGivern was of the view that a somewhat shorter sentence would be appropriate. Unlike North Carolina v. Pearce, *supra,* which concerned a longer sentence imposed upon a second conviction after a first conviction was reversed on appeal, Elias after his plea of guilty received a sentence lighter than that which followed his conviction after trial. The intervening conviction, unlike an appeal, was an entirely relevant basis for Goldsmith's insistence on a sentence greater than seven-and-one-half to ten years. For the same reason, Goldsmith's remark at the December 16 proceeding to the effect that Elias must live with the consequences of the jury's verdict of conviction, does not indicate that Elias was penalized for exercising a constitutional right.

■ Moreover, we do not believe that Justice McGivern's participation in the negotiations leading to Elias's guilty plea was coercive and it thus does not render the plea involuntary. United States ex rel. Bullock v. Warden, 408 F. 2d 1326 (2d Cir. 1969). Finally, Elias's rearraignment for first degree murder was entirely a mere procedural formality preliminary to the agreed upon entry of a guilty plea for manslaughter. Judge McLean therefore rightly rejected Elias's claim that his guilty plea was coerced in order to avoid possible prosecution for first degree murder, see Price v. Georgia, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970).

Affirmed.