Earl William TOLER, Jr., Appellant,

v.

Donald W. WYRICK, Warden, Appellee.

No. 77-1345.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 2, 1977.

Decided Oct. 12, 1977.

Paul E. Corning, Jr., Clayton, Mo., on brief for appellant.

Paul R. Otto, Asst. Atty. Gen., Jefferson City, Mo., for appellee; John D. Ashcroft, Atty. Gen., and Robert Presson, Asst. Atty. Gen., Jefferson City, Mo., on brief.

Before GIBSON, Chief Judge, HEANEY, Circuit Judge, and ALSOP, District Judge.*

HEANEY, Circuit Judge.

Earl William Toler, Jr., appeals from an order of the United States District Court for the Eastern District of Missouri, dismissing his action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Toler was charged in the Circuit Court of St. Louis County, Missouri, with two counts of robbery in the first degree by means of a dangerous and deadly weapon. He was

---

* DONALD D. ALSOP, United States District Judge, District of Minnesota, sitting by designation.

further charged under the Missouri Second Offender Act, Mo.Ann.Stat. §§ 556.280, 556.290 (Vernon).[1]

On January 20, 1975, Toler, with his attorney present, entered a plea of guilty to both counts. After accepting the guilty plea, the judge sentenced him to thirteen years imprisonment on each count, the sentences to be served concurrently. The trial judge participated in the plea bargaining.

On October 2, 1975, Toler filed a post-conviction motion to set aside the conviction under Missouri Supreme Court Rule 27.26. He contended that the plea should be set aside for two reasons: first, because the judge actively participated in the negotiations leading to the plea; and, second, because the plea was involuntary as the judge threatened him with a longer sentence if he rejected the bargain. The court denied the motion without a hearing on October 7, 1975. The denial of relief was affirmed on appeal. *Toler v. State*, 542 S.W.2d 80 (Mo. App.1976). The Missouri Court of Appeals reasoned that a judge's participation in plea bargaining does not render the guilty plea resulting from the bargain involuntary per se. The coercive effect of a judge's participation is determined from all the circumstances surrounding the plea. After examining the record, it found that the plea was voluntary. It denied a motion for rehearing and for transfer to the Missouri Supreme Court. The Missouri Supreme Court also denied a motion for transfer. Thus, Toler exhausted his available state remedies. 28 U.S.C. § 2254(b), (c).

On January 13, 1977, Toler sought a writ of habeas corpus in the United States District Court for the Eastern District of Missouri, raising substantially the same contentions advanced in his earlier Rule 27.26 motion. The District Court dismissed his petition without an evidentiary hearing.

Toler contends on appeal that the District Court erred in dismissing his habeas corpus petition without an evidentiary hearing

and, thus, the matter must be remanded to the District Court for such a hearing. He also contends that his conviction should be set aside because the state trial court participated in the plea bargaining process and because his plea of guilty was an involuntary one. We find no merit to any of Toler's contentions and affirm.

■ A federal court must grant an evidentiary hearing in a habeas corpus action pursuant to 28 U.S.C. § 2254 if relevant facts are disputed and a fair evidentiary hearing was not granted in state court. *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); *United States ex rel. McGrath v. LaVallee*, 319 F.2d 308 (2nd Cir. 1963). Here, no relevant facts are in dispute. The only question is what conclusions can properly be drawn from the undisputed facts.

■ Toler argues that an evidentiary hearing is needed to explore the plea negotiations in more detail. He fails, however, to allege that facts other than those set forth in the record of the guilty plea might be developed which would bear on the question of the judge's participation in the plea negotiations or the voluntariness of the plea. *See Tyler v. Swenson*, 427 F.2d 412 (8th Cir. 1970). He argues further that an evidentiary hearing could develop fully his state of mind at the time of the plea. Determination of the defendant's state of mind is certainly critical in determining the voluntariness of a plea. *Ford v. United States*, 418 F.2d 855 (8th Cir. 1969). *See Griffith v. Wyrick*, 527 F.2d 109 (8th Cir. 1975). However, to a large extent, it is to be determined by examining the totality of the circumstances surrounding the plea instead of solely on the basis of the defendant's subsequent testimony. *United States ex rel. Robinson v. Housewright*, 525 F.2d 988 (7th Cir. 1975); *Calabrese v. United States*, 507 F.2d 259 (1st Cir. 1974); *Ford v.*

---

1. The Missouri Second Offender Act provides that the trial court will determine the punishment for the subsequent offense if it finds that the defendant was previously convicted of any offense punishable by imprisonment in the penitentiary. Ordinarily, the jury fixes the punishment. Mo.Ann.Stat. § 546.410 (Vernon).

*United States, supra.* Otherwise every plea would be subject to successful attack.[2]

We turn to the substantive issues raised.

■ The active participation of a judge in plea bargaining is prohibited in federal court. *See* Fed.R.Crim.P. 11(e)(1); *United States v. Gallington,* 488 F.2d 637 (8th Cir. 1973), *cert. denied,* 416 U.S. 907, 94 S.Ct. 1613, 40 L.Ed.2d 112 (1974). Missouri also strongly disapproves the practice but holds that such participation, in and of itself, does not require setting a guilty plea aside. *See Toler v. State, supra; State v. Tyler,* 440 S.W.2d 470 (Mo.1969) (*en banc*).[3] It is only one factor to be considered in determining whether the plea was involuntary. Similarly, a federal court can only set aside a state plea of guilty if the plea was involuntary. *See, e. g., United States ex rel. Robinson v. Housewright, supra; United States ex rel. Elias v. McKendrick,* 439 F.2d 771 (2nd Cir. 1971). We must, therefore, examine all the facts surrounding the guilty plea to determine its voluntariness.

An analysis of the guilty plea hearing transcript shows that Toler's plea was voluntary.[4] The judge carefully explained that possible sentences ranged from five years to life imprisonment, that because of the plea bargain, Toler would receive two fourteen-year concurrent sentences,[5] and that he would not receive probation. After inquiring into Toler's four prior felony convictions, the judge asked him if any promises, other than those embodied in the plea bargain, had been made. He responded, "No, sir." When Toler asked about the possibility of parole, the judge indicated that although the Parole Board made the final decision, considering his prior record, he would probably serve a substantial number of years.

The judge stated that Toler did not have to plead guilty unless he wanted to; if tried and acquitted, he would be a free man; and, if convicted, he might get more or less than his fourteen-year sentence.

Toler, through counsel, asked what the sentence would be if a jury determined his guilt. The court responded as follows:

THE COURT: Mr. Toler, I am aware of your record and the seriousness of this charge, guns and ski masks. I would order a pre-sentence investigation if a Jury found you guilty and I would decide then what time to give you. My offhand judgment is that you would certainly get in excess of ten years; it could be more than fourteen years. You are in a bunch of trouble because this is a serious armed robbery and you have a bunch of prior felonies.

Your co-defendant got sixteen priors and the State wants forty years on him. I cannot promise whether you would get more or less than fourteen years. I don't know. I think this is probably a pretty fair plea negotiation because you have four prior felonies, you are on parole when you did this, plus these are loaded guns and number two, you are using ski masks.

---

2. Toler also contends that the Missouri courts erred in not granting him an evidentiary hearing under Missouri Supreme Court Rule 27.26. Whether an evidentiary hearing is required in a habeas corpus proceeding is a question of federal law. While an erroneous denial of a state post-conviction evidentiary hearing may be relevant to the determination of the federal question, it is not dispositive. *See Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

3. As noted by the Missouri Court of Appeals in this case:

While we cannot approve of the judge's conduct, the fact that he participated in the bargaining does not end our inquiry into the voluntariness of the defendant's plea of guilty, which, is the essential matter at issue. *Toler v. State,* 542 S.W.2d 80, 83 (Mo.App. 1976).

4. As Toler does not question the accuracy of the hearing transcript, we are not confronted with the situation where the defendant viewed the guilty plea hearing as a mere formality. *See Griffith v. Wyrick,* 527 F.2d 109, 112 n. 3 (8th Cir. 1975). *See also Machibroda v. United States,* 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962).

5. The record is unclear why Toler received two concurrent thirteen-year sentences rather than the two concurrent fourteen-year sentences agreed to in the plea bargain.

Mr. Murphy [prosecutor], from the file, do you have a pretty good case against Mr. Toler?

MR. MURPHY: It is a very strong case.

The judge then elicited from the state its evidence in the case. He then asked Toler if he was guilty. After acknowledging his guilt, Toler related the factual background of the robbery. He further stated that he was not under the influence of any drug; that the decision to plead guilty was his own; and, that by pleading guilty, he knew he waived his rights to trial by jury, to remain silent, to confront witnesses and to compulsory process. Toler was then given the opportunity to withdraw the plea, to consider his decision further or to discuss it with his family. Toler declined these invitations. The judge then accepted the guilty pleas.

The guilty plea hearing does not indicate that the judge's participation in the plea bargaining affected the voluntariness of the plea. Toler was not threatened with a substantially greater sentence if he elected a jury trial rather than the guilty plea. On the contrary, the judge was very noncommittal about the sentence if Toler was convicted after a jury trial. Moreover, a guilty plea entered to avoid a possible greater punishment is not necessarily involuntary. *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Moore v. Swenson*, 487 F.2d 1020 (8th Cir. 1973). The District Court did not err in concluding from the record that the guilty plea was voluntarily rendered.

Affirmed.