UNITED STATES, Appellee,

v.

Jimmie R. CARUTH, Private First Class,
United States Army, Appellant.

No. 35,940.

CM 435756.

U. S. Court of Military Appeals.

Feb. 5, 1979.

Appearances: For Appellant—*Captain Laurence M. Fuchs* (argued); *Colonel Edward S. Adamkewicz, Jr.* (on brief); *Major Benjamin A. Sims* (on brief); *Captain D. David Hostler* (on brief).

For Appellee—*Major Michael B. Kennett* (argued); *Colonel Thomas H. Davis* (on brief); *Lieutenant Colonel R. R. Boller* (on brief).

Opinion of the Court

COOK, Judge:

In accordance with his pleas, appellant was convicted by a general court-martial consisting of a military judge alone, of the sale and possession of heroin, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced to a bad-conduct discharge, confinement at hard labor for 8 months, forfeiture of $300 pay per month for 8 months, and reduction to the grade of E–1. The convening authority modified the finding as to the possession offense to reflect a lesser amount of heroin, but otherwise approved the findings and sentence. His action was affirmed by the United States Army Court of Military Review. We granted review to consider whether the military judge improperly induced the appellant's pleas of guilty and whether the providency inquiry was deficient because the trial judge did not ascertain on the record whether there was a pretrial agreement.

On appeal, the appellant submits that his pleas of guilty were induced by the conduct of the military judge prior to trial. Specifically, he alleges, in a post-trial affidavit submitted to the Court of Military Review, that after discussing the matter with his defense counsel prior to trial, he understood that the military judge had agreed to limit the confinement to 8 months and to adjudge a bad-conduct discharge if appellant plead guilty to the offenses. Trial defense counsel also submitted a post-trial affidavit in which he asserted that he was called into the trial judge's office a few days prior to trial. He related the following concerning his conversation with the judge:

To the best of my recollection Col. Schiesser asked me if I had any cases in which I intended to plead my client guilty. I told him that I did since the evidence adduced at the Art. 32, 10 U.S.C. § 832 of both Yates and Caruth had convinced me that both would be found guilty in a contested case. The standard deal from the convening authority had been about 12 to 13 months and a dishonorable discharge for heroin possession cases and from 18 to 24 months and a dishonorable discharge for heroin sale cases. I told Col. Schiesser that Chapter 10's in both cases had been denied and that I intended to seek a pretrial agreement from the convening authority. Col. Schiesser expressed dissatisfaction with deals with the convening authority because it took too long for the convening authority to act on a deal. Often a deal would not be acted on until the day of trial or the day before and this according to Col. Schiesser was not satisfactory. Col. Schiesser was concerned over the state of the docket, the number of contested cases especially contested jury cases and the need to move and dispose of cases. Judge Schiesser then told me that his boss, Col. Harrell had a practice of not giving more than a BCD and nine months for those showing remorse and contrition for their crimes by guilty pleas at arraignment, that he thought that was a sensible practice and that he was adopting his boss's practice. We discussed general sentence philosophy as to what Judge Schiesser might consider appropriate for the sale of heroin and Judge Schiesser opined that nine months and a BCD was appropriate. We also discussed what he considered appropriate for possession of heroin and he opined about six months and a BCD. I understood from my discussion with Col. Schiesser that no deals were being made and that Col. Schiesser was legally free to adjudge a greater or lesser sentence within the lawful maximum sentence as he deemed appropriate. Based on my past association with Col. Schiesser I felt reasonably confident, however, that the sentence in all likelihood would not exceed nine months and a BCD. I did not believe he would suggest that he was adopting a practice of in general giving no more than nine months and a BCD for guilty pleas at arraignment, and then

sentence an accused pleading guilty at arraignment to more than nine months and a BCD.

Trial defense counsel also asserted that while he discussed the nature of the quoted conversation with the appellant, he cautioned the appellant that the judge was "legally free to give a greater or lesser sentence." He advised the appellant to plead guilty on the basis of the evidence against him.

The military judge, in a post-trial affidavit, stated that he never discussed specific cases with counsel out-of-court and all discussions with counsel were limited to "general principles of law or [were] philosophical in nature." Additional affidavits were submitted by counsel involved in cases tried before the military judge in question. These counsel asserted that while they were aware of the military judge's sentencing policy, they did not enter into any specific agreements with him.[1]

A majority of the Court of Military Review concluded that no pretrial agreement had been consummated in the present case, although they assumed without deciding that there was a "perception on the part of trial defense counsel of a tacit limitation on sentencing when an accused enters an unqualified guilty plea." *United States v. Caruth,* 4 M.J. 924, 926 (A.C.M.R.1978) (footnote omitted). The court further concluded, however, that the trial judge's comments were not directed toward a particular case, and it found the appellant's pleas voluntary. The court stressed that the evidence against the appellant was overwhelming; appellant's case, *per se,* was not discussed with the judge; defense counsel had sufficient time to investigate the case; defense counsel had intended to negotiate a pretrial agreement with the convening authority; and appellant had never asserted that he desired to plead not guilty. We agree with the Court of Military Review.

As did the Court of Military Review, we assume, without deciding, that the military judge's comments conveyed the impression to the trial defense counsel that the punishment would be limited if the appellant entered pleas of guilty. Under the military justice system, pretrial agreements are negotiated between the accused and the convening authority. *See generally United States v. Allen,* 8 U.S.C.M.A. 504, 25 C.M.R. 8 (1957). Accordingly, if the military judge intended to circumvent this process, his conduct would have been an improper exercise of his authority.

A trial judge's intervention into the plea bargaining process has been severely criticized because his mere presence can exert an improper influence upon the accused's decision to plead guilty and we specifically disapprove of the procedure. *See United States v. Werker,* 535 F.2d 198 (2d Cir. 1976); *see also* Fed.R.Crim.P. 11(e)(1); ABA Standards, Pleas of Guilty § 3.3(a) (1968); ABA Standards, The Function of the Trial Judge § 4.1 (1972). However, we reject the appellant's contention that any participation by the trial judge requires rejection of his pleas of guilty. Rather, we agree with those authorities who have resolved the issue of voluntariness on the basis of the entire record, with the judge's participation considered as only one factor bearing on the matter.[2]

In the present case, before the military judge discussed with defense counsel his "philosophy" as to sentencing, counsel had anticipated negotiating a pre-trial agreement with the convening authority. From the affidavit of the trial defense counsel, it can be surmised that he believed a better result was obtainable from the trial judge than from the convening authority. Appellant has filed some statistical data of

---

1. Only one counsel implied that his discussion with the trial judge related to a specific case, and this implication is disputed by the judge in his affidavit.

2. *Toler v. Wyrick,* 563 F.2d 372 (8th Cir. 1977), cert. denied, 435 U.S. 907, 98 S.Ct. 1455, 55

L.Ed.2d 498 (1978); *United States ex rel. Robinson v. Housewright,* 525 F.2d 988 (7th Cir. 1975); *United States ex rel. Elias v. McKendrick,* 439 F.2d 771 (2d Cir. 1971); *Brown v. Peyton,* 435 F.2d 1352 (4th Cir. 1970), cert. denied, 406 U.S. 931, 92 S.Ct. 1785, 32 L.Ed.2d 133 (1972).

courts-martial in the command from which he concludes that the military judge has a fixed practice to adjudge a more severe sentence in a case in which the accused had negotiated an agreement on a plea of guilty with the convening authority than in a case in which a plea of guilty was entered without such previous agreement. In view of the limited number of cases involved, we seriously doubt that the data supports the appellant's argument, but we need not resolve the issue. The data pertains to cases tried after the appellant's trial, and the results of those cases could not have influenced the appellant's decision to plead guilty. Defense counsel asserted he had advised appellant to plead guilty on the basis of the evidence against him, and perusal of appellant's remarks, which were made during the providency inquiry, reveals no coercive factors. Appellant may have been motivated to plead guilty by a desire to obtain a more lenient sentence than he expected from the convening authority, but the influence of such a motive does not establish the involuntariness of his plea of guilty. *Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978); *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). Accordingly, we conclude the trial judge's remarks did not render appellant's pleas of guilty involuntary.

▮ Turning to the military judge's failure to ascertain on the record whether there was a pretrial agreement, we note first that the judge conducted a post-conviction hearing on the subject. The hearing was held after the convening authority had acted on the case and the accused was not present. It would appear, therefore, that the hearing was improper and the transcript of the proceeding is not part of the record of trial. *See generally United States v. Ledbetter,* 2 M.J. 37, 52 (C.M.A.1976) (Cook, J., concurring and dissenting); *United States v. Reeves,* 1 U.S.C.M.A. 388, 3 C.M.R. 122 (1952). Aside from that hearing, it is clear that no agreement, in fact, existed. We conclude that the trial judge's failure to make timely inquiry into the matter does not require reversal under the prin-

ciple announced in *United States v. King,* 3 M.J. 458 (C.M.A.1977), and *United States v. Green,* 1 M.J. 453 (C.M.A.1976).

The decision of the United States Army Court of Military Review is affirmed.

Judge PERRY concurs.

FLETCHER, Chief Judge (concurring):

I concur with the conclusion reached by Judge Cook, though I am convinced that any involvement by the trial judge in the evolution of a plea agreement creates an unnecessary and undesirable risk of coercion in a particular case. Any involvement in the creation of a plea agreement is contrary to a judge's keypin responsibility to sustain the presumption of innocence until the plea of guilty is tendered. I believe the committee notes to ABA Standards, The Function of the Trial Judge, Section 4.1(a) (1972), state my thinking:

> "The trial judge should not participate in plea discussions." In what the Advisory Committee believes to be a clarification of the meaning of "participate," the standard set forth here explicitly permits the trial judge to "facilitate fulfillment of the obligation of the prosecutor and defense counsel to explore with each other the possibility of disposition without trial," so long as he does not take part in those discussions, even as a mediator much less as a proposer of plea agreements.

I must disagree with my brother judge's view of the statistical data supplied this Court. It is readily apparent from the data before us that the trial judge did have a maximum sentence for those willing to plead without a pretrial agreement made with the convening authority. That a limited number of cases are included in the data before us is irrelevant in view of the fact that the cases represent all of those before this trial judge prior to his reconsideration of his policy.

Nevertheless, I seriously doubt whether this Court's resolution herein would be the same had this judge's sentence of the accused exceeded his stated maximum.