**UNITED STATES, Appellee,**

**v.**

**Private E-2 John L. WIRTH, Jr., 533–92–1839, United States Army, Appellant.**

**ACMR 8600289.**

U.S. Army Court of Military Review.

26 March 1987.

---

For Appellant: Major Joel D. Miller, JAGC, Major Jerry W. Peace, JAGC, Captain John J. Ryan, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Vito A. Clementi, JAGC, Captain Patrick D. O'Hare, JAGC (on brief).

Before PAULEY, De GIULIO, and KENNETT, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Judge:

A military judge sitting as a general court-martial found appellant, pursuant to his pleas, guilty of assault consummated by a battery in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 (1982). He was sentenced to a bad-conduct discharge, confinement for three months, forfeiture of $426.00 pay per month for three months, and reduction to Private E-1. The convening authority approved the sentence.

This court specified the following issue: WHETHER APPELLANT'S PLEA OF GUILTY TO CHARGE II AND ITS SPECIFICATION [ASSAULT CONSUMMATED BY A BATTERY] WAS PROVIDENT, SINCE THE PRETRIAL AGREEMENT CONTAINED A SENTENCE LIMITATION IN EXCESS OF THE MAXIMUM SENTENCE AUTHORIZED FOR THE OFFENSE.

Appellant was charged with conspiracy to commit robbery, robbery, and assault consummated by a battery. The maximum punishment for these offenses is dishonorable discharge, confinement for twenty years and six months, total forfeitures, and reduction to Private E-1. In a pretrial agreement approved by the convening authority on 16 July 1986, appellant agreed to plead guilty to receiving stolen property as a lesser included offense of robbery and to assault consummated by a battery in exchange for the convening authority's promise to approve a sentence not in excess of dishonorable discharge, confinement for nine months, total forfeitures, and reduction to Private E-1. Upon referral to trial by a general court-martial on 22 July 1986 (six days after he approved the pretrial agreement) and not pursuant to the pretrial agreement, the convening authority dismissed the assault consummated by a battery offense. During a conference pursuant to Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial 802 [hereinafter cited as R.C.M. 802],[1] it was determined by the military judge and coun-

1. Conferences.

(a) *In general.* After referral, the military judge may, upon request of any party or sua sponte, order one or more conferences with the parties to consider such matters as will promote a fair and expeditious trial.

(b) *Matters on record.* Conferences need not be made part of the record, but matters agreed upon at a conference shall be included in the record orally or in writing. Failure of a party to object at trial to failure to comply with this subsection shall waive this requirement.

(c) *Rights of parties.* A conference shall not proceed over the objection of any party. No party may be prevented under this rule from presenting evidence or from making any argument, objection, or motion at trial.

(d) *Accused's presence.* The presence of the accused is neither required nor prohibited at a conference.

(e) *Admission.* No admissions made by the accused or defense counsel at a conference shall be used against the accused unless the admissions are reduced to writing and signed by the accused and defense counsel.

(f) *Limitations.* This rule shall not be invoked in the case of an accused who is not represented by counsel, or in special courts-martial without a military judge.

sel that receiving stolen property was not a lesser included offense of robbery.[2] It was agreed that in order to effectuate the pretrial agreement, appellant would plead guilty to assault consummated by a battery as a lesser included offense of the robbery specification. Prior to findings, the robbery specification was amended to conform to the accused's plea of guilty to assault consummated by a battery and the conspiracy charge was dismissed. During the providence inquiry, the military judge correctly advised appellant that the maximum punishment was a bad-conduct discharge, confinement for six months, total forfeitures, and reduction to Private E–1. The military judge failed to discuss with appellant, either during the providence inquiry or after sentencing,[3] that the maximum permissible sentence was significantly less than the sentence limitation in the pretrial agreement: dishonorable discharge, confinement for nine months, total forfeitures, and reduction to Private E–1. Essentially, it appears that appellant may have exchanged his plea of guilty for nothing.

■■■ A plea of guilty may be improvident because it is predicated upon a substantial misunderstanding on the accused's part of the maximum punishment to which he is subject. *United States v. Harden*, 1 M.J. 258 (C.M.A.1976); *United States v. Windham*, 36 C.M.R. 21, 23 (C.M.A.1965). A misunderstanding of a substantial difference between the legal maximum permissible punishment and the maximum punishment upon which an appellant based his plea in and of itself may not make a plea of guilty improvident. *See United States v. Hunt*, 10 M.J. 222 (C.M.A.1981). Applying these rules this court must determine if the overstatement of the maximum permissible punishment was a substantial factor in the appellant's decision to plead guilty. *United States v. Smith*, 21 M.J. 642 (A.C.M.R. 1985), *petition denied*, 22 M.J. 240 (C.M.A.

1986). From the record of trial, we cannot make that determination. It is not clear from the record if appellant knew prior to trial that the robbery specification would be amended to conform with his plea of guilty and whether the conspiracy to commit robbery charge would be dismissed. Under the circumstances of this case, where the sentence limitation of the pretrial agreement exceeds the maximum punishment permissible for the offense of which appellant was found guilty, we question whether appellant knew the ultimate maximum punishment and whether a misunderstanding of that maximum permissible punishment was a substantial factor in appellant's decision to plead guilty.

■■■ It appears that four circumstances contributed to the confusion noted in this case. First, the parties entered into the pretrial agreement before the charges and specifications were referred to trial. We question the use of this procedure because it gives the appearance that referral to a general court-martial was a foregone conclusion. Second, at the time of referral, the convening authority dismissed an offense to which appellant had agreed to plead guilty. We believe that this action should have alerted the parties to the necessity of renegotiating the pretrial agreement. Third, the parties failed to resolve the problem of the pretrial agreement with the convening authority prior to trial. Fourth, the military judge attempted to resolve the problem during a conference pursuant to R.C.M. 802. We question the use of the R.C.M. 802 conference for this purpose, especially in light of the Discussion to R.C.M. 802 which provides, "A military judge may not participate in negotiations relating to pleas." *See* R.C.M. 705 and Manual for Courts-Martial, United States, 1984, Mil.R.Evid. 410. In the case before us, it appears the military judge may have participated in the renegotiating

---

**2.** The record does not clearly indicate whether appellant was present at this conference.

**3.** Following normal practice, the military judge did not look at the quantum portion of the pretrial agreement until after sentence was an-

nounced. Recognizing this practice, it is not unreasonable to conclude that the quantum portion of the agreement was not discussed in the R.C.M. 802 conference.

of the pretrial agreement. Under the military justice system, pretrial agreements are negotiated between the accused and the convening authority. *See United States v. Allen*, 25 C.M.R. 8 (C.M.A.1957). A trial judge's intervention into the bargaining process has been severely criticized because his mere presence can exert an improper influence upon the accused's decision to plead guilty. *United States v. Caruth*, 6 M.J. 184, 186 (C.M.A.1979). Assuming the military judge's action was not equivalent to a renegotiation of the pretrial agreement, we nevertheless question the use of the R.C.M. 802 conference on a matter of such importance which, as a better practice, should have been conducted on the record.

The record is insufficient for us to determine if the plea of guilty is improvident. Accordingly, the record of trial is returned to The Judge Advocate General for such action as is required to conduct a limited hearing pursuant to *United States v. Dubay*, 37 C.M.R. 411 (C.M.A.1967). At the hearing, the military judge will receive all available evidence bearing on the following issues:

1. Did appellant know prior to trial that the robbery specification (the Specification of Charge II) would be amended to conform to his plea of guilty?

2. Did either appellant or his counsel know prior to trial that the conspiracy to commit robbery specification (Specification of Charge I) would be dismissed prior to findings?

3. When did appellant know that the punishment which could be approved under the pretrial agreement exceeded the maximum permissible punishment for the offense of which appellant was found guilty?

4. Considering all the circumstances, was appellant's plea of guilty provident?

The military judge will hear the contentions of the parties, permit presentation of witnesses and evidence, issue orders and rulings as appropriate and enter findings of fact and conclusions of law with respect to these issues. In addition, the military judge will address any additional questions or issues that he determines are material or relevant to the overall issue of the providence of appellant's plea of guilty.

If the military judge determines appellant's plea was provident, he will return the record to the convening authority who will forward it to The Judge Advocate General for further review by this court.

If the military judge determines appellant's plea was improvident, he will return the record to the convening authority who will set aside the findings of guilty and the sentence and either dismiss the Charge or order a rehearing. In the event the convening authority determines a limited hearing on the providence of the plea to be impracticable, he will set aside the findings and the sentence and order a rehearing or dismiss the Charge.

Senior Judge PAULEY and Judge KENNETT concur.