UNITED STATES, Appellee,

v.

Private E–2 John L. WIRTH, Jr., 533–92–1839, United States Army, Appellant.

ACMR 8600289.

U.S. Army Court of Military Review.

23 Feb. 1988.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Captain Donald G. Curry, Jr., JAGC, Captain John J. Ryan, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Gary L. Hausken, JAGC, Captain Patrick D. O'Hare, JAGC (on brief).

Before HOLDAWAY, De GIULIO, and CARMICHAEL, Appellate Military Judges.

## OPINION OF THE COURT ON FURTHER REVIEW

HOLDAWAY, Chief Judge:

This case is before the court for the second time. When first reviewed the case was returned for a limited hearing to resolve some ambiguity concerning the providentness of appellant's plea, more specifically his understanding of the pretrial agreement. *See United States v. Wirth*, 24 M.J. 536 (A.C.M.R.1987). The limited hearing was held; the appellant and his trial defense counsel testified extensively concerning the circumstances of his guilty plea. In this regard the testimony was contradictory. Trial defense counsel testified that he kept the appellant fully informed of all the developments in the negotiations and their legal effect. Appellant, at the rehearing, denied he was fully advised and now states he did not understand the full effect of his plea as it related to his pretrial agreement. The military judge issued a comprehensive finding of facts, resolved them against the appellant and determined that the appellant's plea was provident. In accordance with this court's

instructions he then returned the case to this court for further review.

We find, as did the military judge, that the appellant's plea of guilty was provident. The ambiguity which concerned us has been resolved. We also find, as a fact, that the appellant's attempt to impeach his plea at the limited hearing was motivated solely by his hope that if a "full" rehearing were ordered the government would dismiss the charges. His testimony, at the limited hearing was, in short, not credible.[1] The case is in all other respects legally and factually sufficient to sustain the findings and sentence.

Appellant now alleges that this court did not have the authority to order a limited hearing and that the hearing itself was fatally flawed because the appellant's first defense counsel was permitted to testify "adversely" to appellant concerning matters that were protected by the attorney-client privilege.

■ First, as to the propriety of our action in ordering a limited hearing. Limited hearings had their beginning in *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967). That case involved command influence that was alleged for the first time on appeal. Rather than decide the question by a "battle of affidavits" the Court of Military Appeals invented the technique of a limited hearing. We say "invented" advisedly as there is certainly nothing in Article 67 of the Uniform Code of Military Justice, 10 U.S.C. § 867, that would expressly permit such a procedure. This same procedure has been used on questions of jurisdiction, *United States v. Davenport*, 16 M.J. 219 (C.M.A.1983); insanity, *United States v. Roberts*, 18 M.J. 192 (C.M.A.1984); ineffectiveness of counsel, *United States v. Payton*, 23 M.J. 379 (C.M.A.1987); and again in unlawful command influence, *United States v. Kitts*, 23 M.J. 105 (C.M.A.1986). *See also* the excellent discussion of "DuBay" rehearings by Major Jerry Peace in the Army Lawyer, DA Pam 27–50–154, Oct. 1985. The common thread that runs through these cases is an issue raised after trial where the record does not have sufficient facts to properly dispose of the issue one way or the other. There is nothing, logically, that would place issues of providentness in a different category than other post-trial issues. We hold, therefore, that in appropriate cases limited hearings may be ordered to resolve providentness of a plea. This is such a case.

■ The second issue now raised concerns the propriety of the appellant's original defense counsel in testifying and disclosing confidential communications. Appellant assumes in his argument that there is some type of exclusionary rule that applies where a counsel testifies without objection from his client in such a way as to violate the attorney-client privilege. Possible violation of ethical standards may well be matters for other forums to consider. It is not at all certain, however, that this Court is precluded from considering such "tainted" evidence if it is otherwise relevant, competent, and material. In any event we need not reach that issue as it is our determination that there was no breach of ethical standards and, under the circumstances, it was entirely appropriate for the appellant's former counsel to testify. It must be remembered that this limited hearing was nothing more than an extension of the providentness inquiry from the first trial. At such an inquiry it is not only proper but necessary that counsel and the accused respond if a question arises as to the accused's understanding of his negotiated plea. Had the issue that initially concerned us been recognized at the first hearing, the judge surely could have questioned counsel and the accused concerning the substance of their discussion about the negotiated plea. The same rules that applied at the first hearing concerning the providentness inquiry are applicable *mutatis mutandis* to the limited hearing which, as we say, was merely an extension of the initial inquiry. Moreover, the questions

---

1. The appellant may be short-sighted in his hope for a full rehearing. If such were held the government could well charge him with receiving stolen property, a fresh charge. It is not at all clear in such a case that there would be a limitation on the sentence.

sent back to be answered at the hearing raised an inference that the trial defense counsel may not have properly discharged his duties to his client. It was, therefore, appropriate that counsel respond to this inference. *See United States v. Bastedo,* 253 Iowa 103, 111 N.W.2d 255 (1961).

We are satisfied after review of the entire record, including the limited hearing, that the findings of guilty approved by the convening authority are correct in law and fact, and that the approved sentence is both legal and appropriate. Accordingly, the approved findings of guilty and the sentence are AFFIRMED.

Senior Judge De GIULIO and Judge CARMICHAEL concur.