## UNITED STATES

### v.

**David C. NEBLING, 215 74 5105, Aviation Electronics Technician, Third Class (E–4), U.S. Navy.**

**NMCM 87 3086.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 3 June 1987.

Decided 3 May 1988.

L.Cdr. J.J. Quigley, JAGC, USN, Appellate Defense Counsel.

Lt. Daniel W. Dooher, JAGC, USNR, Appellate Defense Counsel.

Lt. Diane H. Corning, JAGC, USNR, Appellate Government Counsel.

Before BYRNE, C.J., and GLADIS and ALBERTSON, JJ.

GLADIS, Judge:

In accordance with his guilty pleas entered pursuant to a pretrial agreement at a special court-martial bench trial, the accused was convicted of unauthorized absence, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. section 886, and sentenced to a bad-conduct discharge, confinement for 45 days, forfeiture of $200.00 pay per month for two months and reduction to pay grade E–3. The convening authority approved the sentence.

We specified the following issues:

I. WHETHER THE MILITARY JUDGE'S PRETRIAL AGREEMENT INQUIRY SATISFIES THE MANDATE OF *UNITED STATES V. GREEN*, 1 M.J. 453 (C.M.A.1976) AND *UNITED STATES V. KING*, 3 M.J. 458 (C.M.A.

1977)? *SEE UNITED STATES V. JONES*, 23 M.J. 305, 308 (C.M.A.1987).

II. IF NOT, IS THE ACCUSED ENTITLED TO ANY RELIEF IN THE ABSENCE OF A CLAIM THAT THERE IS A PREVIOUSLY UNDISCLOSED ORAL AGREEMENT? *CF. UNITED STATES V. ZELENSKI*, 24 M.J. 1 (C.M.A.1987).

III. WHETHER THE MILITARY JUDGE IMPEACHED HIS SENTENCE?

The accused contends that, first, the military judge's failure to inquire whether the pretrial agreement encompassed all the understandings of the parties rendered the accused's pleas improvident; second, the appropriate remedy is a proceeding in revision so that he may plead anew; and third, the judge impeached his sentence.

Although we find that the pretrial agreement inquiry was deficient, we conclude that the accused was not prejudiced and affirm the findings. We modify the sentence, however, because we are unable to say that the military judge did not impeach it.

## I AND II

In *United States v. Green, supra,* the Court of Military Appeals adopted the following guidelines from Chief Judge Fletcher's concurring opinion in *United States v. Elmore,* 1 M.J. 262, 264 (C.M.A.1976), to insure that the propriety and meaning of various plea bargain proceedings would be satisfactorily set forth on the record:

[T]he trial judge must shoulder the primary responsibility for assuring on the record that an accused understands the meaning and effect of *each* condition as well as the sentence limitations imposed by any existing pretrial agreement. Where the plea bargain encompasses conditions which the trial judge believes violate either appellate case law, public policy, or the trial judge's own notions of fundamental fairness, he should, on his own motion, strike such provisions from

the agreement with the consent of the parties.

In addition to his inquiry with the accused, the trial judge should secure from counsel for the accused as well as the prosecutor their assurance that the written agreement encompasses all of the understandings of the parties and that the judge's interpretation of the agreement comports with their understanding of the meaning and effect of the plea bargain.

The Court expressed the following reasons for requiring this procedure:

Judicial scrutiny of plea agreements at the trial level not only will enhance public confidence in the plea bargaining process, but also will provide invaluable assistance to appellate tribunals by by exposing any secret understandings between the parties and by clarifying on the record any ambiguities which lurk within the agreements. More importantly, a plea bargain inquiry is essential to satisfy the statutory mandate that a guilty plea not be accepted unless the trial judge first determines that it has been voluntarily and providently made. *See* Article 45(a), Uniform Code of Military Justice, 10 U.S.C. section 845(a). Finally we believe trial judges must share the responsibility, which until now has been borne by the appellate tribunals, to police terms of pretrial agreements to insure compliance with statutory and decisional law as well as adherence to basic notions of fundamental fairness.

*United States v. Green, supra* at 456.

 In this case the military judge did not ascertain at trial that the written agreement encompassed all of the understandings of the parties. At this level, however, appellate Government counsel has submitted affidavits from trial and defense counsel stating that the written agreement encompassed all of the agreements between the parties.[1] A defective plea bargain inquiry is an error which must be tested for prejudice. *See United States*

---

1. *See United States v. Wirth,* 25 M.J. 863 (A.C.M.R.1988) as to the propriety of defense counsel's providing such an affidavit.

*v. Connell,* 13 M.J. 156 (C.M.A.1982); *United States v. Dawson,* 10 M.J. 142, 150, 151 (C.M.A.1981). Although the Court in *King, supra,* mandated strict compliance with the procedural rules promulgated in *Green,* treating failure to comply as a matter affecting the providence of the accused's plea, and reversed, in subsequent cases it did not reverse, but excused failure to comply when pretrial agreement terms were straightforward, simple, and subject to only one interpretation or permitted additional proceedings or affidavits to be used to remedy defects when they involved other than straight-forward terms. *United States v. Zelinski, supra; United States v. Steck,* 10 M.J. 412 (C.M.A.1981). *See United States v. Jones,* 23 M.J. 305, 308 (C.M.A. 1987) and the cases cited therein.

The posttrial affidavits submitted in this case demonstrate that the accused has not been prejudiced by the deficient inquiry at trial. Therefore, he is entitled to no relief.[2] No useful purpose would be served by ordering an evidentiary hearing or proceeding in revision to supplement the record by producing anew the evidence contained in the affidavits already before the Court. We do not condone the military judge's lapse in this case. The procedural rules promulgated in *Green* were designed to achieve important goals. One important reason to insist that military judges build a complete record is to insure that our military justice system continues to operate with the highest standards and is a model of justice. *United States v. Johnson,* 21 M.J. 211, 216 (C.M.A.1986) (Cox, J., concurring in the result). Without a complete record, the military justice system is vulnerable to the allegation that it is a system of "drumhead justice." *Id.* Public confidence in the system can better be achieved by building such a record at trial where disputes and misunderstandings can be eas-

ily resolved rather than at the appellate stages.

### III

 In light of the military judge's sentencing speech we cannot say that he believed an unsuspended punitive discharge to be appropriate. Therefore, we shall modify the sentence, eliminating the discharge.

The findings of guilty and only so much of the sentence as provides for confinement for 45 days, forfeiture of $200.00 pay per month for two months, and reduction to pay grade E–3 are affirmed.

Chief Judge BYRNE and Judge ALBERTSON concur.

---

**2.** Generally, a *per se* approach is not desirable from the viewpoint of the efficient administration of justice; and it is usually unnecessary. Lawyers and judges, being human, make errors —but not all those errors warrant remedial action. *United States v. Stubbs,* 23 M.J. 188, 193 (C.M.A.1987). Congress demonstrated its general inclination away from the *per se* approach when it prescribed in Article 59(a), Uniform

Code of Military Justice, 10 U.S.C. section 859(a), that a finding or sentence of a court-martial may not be held incorrect on the ground of an error unless the error materially prejudices the substantial rights of the accused. Where it clearly and affirmatively appears that the accused has not been prejudiced by a particular error, there can be no appearance of evil. *Stubbs, supra.*