```
┌─────────────────────────────────────────────┐
│           NONPRECEDENTIAL DISPOSITION          │
│ To be cited only in accordance with Fed. R. App. P. 32.1 │
└─────────────────────────────────────────────┘
```

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 10, 2015[*]
Decided April 14, 2015

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 14-2766

| | |
|---|---|
| HARRY POWELL, | Appeal from the United States District |
|     *Petitioner-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 1:13-cv-00075 |
| DONALD ENLOE, | |
|     *Respondent-Appellee*. | Matthew F. Kennelly, |
| | *Judge*. |

**O R D E R**

Harry Powell, an Illinois prisoner, challenges the denial of his petition for a writ of habeas corpus, *see* 28 U.S.C. § 2254, principally claiming that the judge who presided over his state prosecution for multiple burglaries coerced him to plead guilty. That claim was rejected in state postconviction proceedings, and the district judge concluded that

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

the state decision is not contrary to, and does not involve an unreasonable application of, clearly established federal law. We agree with the district court and affirm the judgment.

In August 2009, Powell faced charges on four counts of burglary in the Circuit Court of Cook County. Through counsel, he asked the presiding judge to conduct a conference with his lawyer and the prosecutor concerning the possibility of reaching a plea agreement. This practice was authorized, and still is, by Illinois rules of procedure. *See* ILL. S. CT. R. 402(d)(2) (2009) (current version effective July 1, 2012). Before the judge became involved in negotiations, he personally addressed Powell in open court and explained:

> I'll learn information about yourself, family, education, military, or employment backgrounds, including the facts of these four cases and any criminal or traffic record you might have. Ordinarily, I would not be entitled to learn all that information unless the matter were to go to a hearing or trial. Now, at the conference will be your attorney, the assistant state's attorney, myself. You will not be present. After those discussions, I next will offer you a penalty in exchange for a plea of guilty, except if you refuse to accept the penalty, that will not be a good reason for you to get another Judge.

With Powell's consent, the judge and lawyers then met privately and discussed plea options off the record and outside Powell's presence. The lawyers and judge agreed on a total of 30 years' imprisonment (10 years on one count followed by three, concurrent 20-year terms). Powell's lawyer communicated that proposal to him.

One month later, on the Friday before his Monday trial date, Powell appeared with counsel and personally asked the judge to consider sentencing him to probation because of his drug addiction. *See* 20 ILCS 301/40-10. The judge refused:

> No. No. Now, here is the deal. I spoke at a 402 conference. I heard from the government. I heard from your attorney. I weighed the mitigation and aggravating factors. On all of these cases your penalty will be 20 years.
>
> . . . .
>
> . . . You are going to do 20 years on these three recent cases, and you are going to do a ten-year sentence on the old case. They are going to run at

the same time. The offer will never be less. It will be more, if certain things happen other than your acceptance of this offer. Or we can go to trial as soon as Monday if you don't want to accept the offer on any one of these cases that the government elects on.

Powell responded that he wished to proceed to trial, and the judge scheduled the trial for the next business day.

That weekend Powell's attorney advised him to plead guilty. When the parties reconvened on Monday, defense counsel informed the judge that Powell had decided to accept the proposed plea agreement. Powell then pleaded guilty to all four burglaries. During the plea colloquy, he assured the judge that no one had forced or threatened him to plead guilty. Powell waived his right to a presentence investigation, and the judge imposed the agreed, 30-year total sentence.

Powell did not file a direct appeal but did seek postconviction relief. He claimed, in part, that the presiding judge had coerced his guilty pleas by injecting himself directly in the parties' plea negotiations and by threatening a longer sentence if he opted for trial. Powell raised this claim of coercion for the first time in appealing the circuit court's denial of his postconviction petition, but nonetheless the appellate court rejected the claim on the merits. The appellate court reasoned that in Illinois a circuit judge may participate in plea negotiations, that there is nothing inherently coercive about this practice or about a judge telling a defendant that he might be worse off by rejecting a proposed plea agreement, and that all the presiding judge did was confirm for Powell that he would receive 30 years' imprisonment if he pleaded guilty to the pending charges. *See People v. Powell*, No. 1-10-1182, slip op. at 5–6 (Ill. App. Ct. May 11, 2012) (unpublished decision). The Supreme Court of Illinois denied leave to appeal. *See People v. Powell*, 979 N.E.2d 885 (Ill. 2012).

Powell then filed his § 2254 petition. In denying relief the district court concluded that the state appellate court's decision is not contrary to, and does not involve an unreasonable application of, clearly established federal law. The district court granted a certificate of appealability, however, on the issue whether Powell's guilty pleas were coerced.

In this court Powell continues to challenge as improper the presiding judge's degree of involvement in the plea negotiations. He contends that the district court erroneously evaluated his claim of coercion under the current version of Illinois

Supreme Court Rule 402, which, unlike the earlier version, explicitly authorizes judges to "participate in plea discussions." *See* Ill. S. Ct. R. 402(d)(1) (2012). Powell asserts that the judge coerced his guilty pleas by participating directly in the negotiations and making his own plea offer rather than simply voicing an opinion about a proposed deal reached between the parties.

Powell is mistaken in thinking that the district court looked to the wrong version of the rule; the court's decision quotes in its entirety the pertinent section of Rule 402(d) as it existed in 2009 when Powell pleaded guilty. And although that version does not say explicitly that a judge may *participate directly* in plea negotiations, such participation was sanctioned by Rule 402 even before the rule was amended in 2012. *See United States ex rel. Robinson v. Housewright*, 525 F.2d 988, 989–91 (7th Cir. 1975); *People v. Brock*, 259 N.E.2d 12, 15 (Ill. 1970); *People v. Smith*, 941 N.E.2d 975, 984 (Ill. App. Ct. 2010). Anyway, Powell consented to the judge's participation after the judge explained what would happen during the conference with counsel.

More importantly, § 2254 is not a remedy for violations of state law, *Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002), and thus Powell cannot base a claim for relief on the state judge's purported failure to adhere to what was authorized by the former version of Rule 402. True, Federal Rule of Criminal Procedure 11(c)(1) prohibits federal judges from participating in plea negotiations, but this is a prophylactic measure designed to remove any possibility that a judge's participation might coerce a defendant's decision to plead guilty. S*ee United States v. Davila*, 133 S. Ct. 2139, 2146 (2013); *United States v. Baker*, 489 F.3d 366, 370–71, 376 (D.C. Cir. 2007); *United States v. Markin*, 263 F.3d 491, 497 (6th Cir. 2001); *Frank v. Blackburn*, 646 F.2d 873, 880 (5th Cir. 1980). The Constitution does not compel state courts to adopt similar constraints or prohibit judicial participation in plea negotiations. *See Davila*, 133 S. Ct. at 2149; *Stewart v. Peters*, 958 F.2d 1379, 1384–85 (7th Cir. 1992); *Robinson*, 525 F.2d at 990–91; *Miles v. Dorsey*, 61 F.3d 1459, 1465–67 (10th Cir. 1995); *Frank*, 646 F.2d at 880, 882; *Toler v. Wyrick*, 563 F.2d 372, 374 (8th Cir. 1977).

As for Powell's claim that the presiding judge coerced his guilty pleas, the Illinois appellate court's conclusion that Powell entered his pleas voluntarily is not unreasonable given the factual support in the record. Powell himself requested the Rule 402 conference and consented to the presiding judge meeting with his lawyer and the prosecutor outside his presence. After that conference, Powell's lawyer conveyed the 30-year proposal that was on the table. And though Powell says he was coerced to accept that deal, he initially declined it even after the presiding judge had purportedly

"threatened" greater punishment if he went to trial.[1] So our deferential review does not allow us to set aside the state appellate court's adjudication on the merits. *See Ward v. Sternes*, 334 F.3d 696, 703–04 (7th Cir. 2003); *Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002).

We also have considered Powell's motion for recruitment of counsel filed on October 10, 2014, and deny the motion.

AFFIRMED.

---

[1] The district court noted that the tenor of the presiding judge's comments suggests that he became angry and reacted inappropriately by scheduling the trial for the next business day when Powell hesitated to accept the proposed plea. We share this concern but agree with the district court that this possibility is not a basis to overturn the state appellate court's finding that the judge did not coerce the plea.